UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Seneethia A. Coffey, | : | Case No. 5:08CV1476 |
| Plaintiff | : | Judge Dan Polster |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action has its origins in applications for Disability Insurance Benefits (DIB), 42 U.S.C. §§416, 423, and Supplemental Security Income (SSI) benefits, 42 U.S.C. §1381 et seq., filed on August 19, 2002.[1]

In an accompanying Disability Report the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "Manic/major depression plus chronic pain especially in the left lower back and left knee from a 1998 car accident also [balance of line did not copy]" and "Because of the severe pain in my lower back and down my right leg plus my memory loss and stiffness in my [balance of line did not copy]."

Upon denial of plaintiff's claims on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff

---

[1] In these applications the plaintiff asserted July 28, 1998 as the date her alleged disability began. She had, however, previously applied for and been denied such benefits, that denial being final as of June 29, 2001. By reason thereof she later amended her claimed onset date to June 30, 2001, the earliest date available to her.

was represented by counsel, was held on October 25, 2005. Also testifying at that proceeding was a vocational expert, Mr. Ted Macy.

On July 27, 2006 the ALJ entered her twenty-two page decision finding the plaintiff not disabled. The headings on her "Findings of Fact and Conclusions of Law" were:

1. Ms. Coffey met the insured status requirements of the Social Security Act through December 31, 2003.

2. Ms. Coffey has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. Ms. Coffey filed prior applications for Title II and Title XVI benefits on or about April 8, 1999. These prior applications were denied by an administrative law judge on June 29, 2001. Ms. Coffey does not seek to reopen the prior administrative law judge decision and has amended her alleged onset date to June 30, 2001.

4. Ms. Coffey's "severe" impairments since June 30, 2001 are best described as follows: degenerative disc disease of the lumbar spine; mild, bilateral knee arthritis; obesity; a depressive disorder; a pain disorder associated with both psychological factors and a general medical condition; and a personality disorder.

5. Since June 30, 2001, Ms. Coffey has not had an impairment or combination of impairments that has met or medically equaled an impairment listed in 200 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

6. After careful consideration of the entire record, I find that, since the amended June 30, 2001 alleged onset date, Md. Coffey has retained the residual functional capacity to perform all the basic work activities described in 20 CFR 404.1521, 404.1545, 416.921 and 416.945 within the following parameters: she cannot lift more than 10 pounds occasionally; she cannot stand and/or walk for more than 30 minutes at a time; she cannot stand and/or walk for more than two hours in an eight-hour period; she cannot crawl or stoop; and she cannot climb more than four steps on a repetitive basis. In addition, she cannot perform work that

    requires her to understand, remember and carry out more than simple instructions. Finally, she is limited to low stress work which I define as work that does not involve high production or rapid production quotas.

7. Ms. Coffey is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. Ms. Coffey was 42-years old the amended June 30, 2001 alleged onset date, which is defined as a younger individual between the ages of 18 and 44 (20 CFR 404.1563 and 416.963). Ms. Coffey has been considered to be a younger individual between the ages of 45 and 49 since February 10, 2004 when she turned 45.

9. Ms. Coffey has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not an issue in this case because Ms. Coffey is limited to unskilled work (20 CFR 404.1568 and 416.968).

11. Considering Ms. Coffey's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Ms. Coffey has been able to perform since the June 30, 2001 alleged onset date (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

12. Ms. Coffey has not been under a "disability," as defined in the Social Security Act, at any time between the amended June 30, 2001 alleged onset date and the date of this decision (20 CFR 404.1520(g) and 416.920(g).

On May 12, 2007 plaintiff's counsel submitted additional evidence to the Appeals Council, including the following letter dated July 14, 2006 on the letterhead of Portage Page Behavioral Health:

> Dear Attorney Alfera:
>
> This letter is being written on behalf of my client Ms. Coffey. I am confirming that her diagnosis has been changed. Ms. Coffey is now diagnosed with the following: 296.63 Bipolar I Disorder, Most Recent Mixed Severe without Psychotic Features. There was also a

>   change in Ms. Coffey's medication; Lamictal has been added. Ms. Coffey meets the criteria for Bipolar, the symptoms include; irritability, need for less sleep, racing thoughts, depression, poor concentration, increased energy at times, increased sexual drive, spending more money and mood swings.
>
>   Should you have further questions, please contact Portage Path Behavioral Health.
>
>   Sincerely,
>
>   Julie Klein Vovko, LISW            Pat Cipriani, APRN, BC
>   Outpatient Therapist               Clinical Nurse Specialist

In his cover letter to the Appeals Council plaintiff's counsel argued that this letter constituted "new and material evidence which warrants a remand for a new hearing."

On April 21, 2008 the Appeals Council denied the request for review of the ALJ's decision, thereby constituting that decision as the defendant's final determination. In that notice of denial the Appeals Council stated that it had considered the additional evidence counsel had submitted, and that "The Council concludes that the additional evidence does not establish any further restrictions in your ability to function and your attorney's contentions do not provide a basis for changing the Administrative Law Judge's decision."

On this appeal plaintiff's counsel advances three arguments, those being: (1) the new evidence submitted to the Appeals Council is critical as it establishes that there is no type of work that the plaintiff can perform; (2) Appeals Council failure to articulate adequate reasons for refusing to remand the claims; and, (3) new and material evidence that supports a remand pursuant to sentence six of Section 405(g). Each of this hinges upon the July 14, 2006 letter quoted above.

The argument with regard to the Appeals Council's action is devoid of merit. As pointed out in defendant's submission, it is the ALJ's ruling which stands as the ALJ's final determination

which is subject to judicial review, not the Appeals Council's denial thereof. Plaintiff has presented no authority suggesting that the Appeals Council's failure to articulate a detailed rationale for its denial of review is subject to judicial review.

The first and third issues essentially present the same legal issue—does the letter in question satisfy the requisite of 42 U.S.C. §405(g) for an order of remand. In pertinent part §405(g) provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

In this Court's opinion the letter fails both prongs of §405(g).

What the letter does not tell us is when the plaintiff's diagnosis was changed.[2] Although it was not received by plaintiff's counsel until about the same time that the ALJ's decision issued, that does not negate the possibility that the change in diagnosis occurred much earlier in the nine month period between the evidentiary hearing and the issuance of the ALJ's decision. Absent some showing that the change occurred so close to July 27, 2006 that plaintiff's counsel could not have submitted this evidence to the ALJ it cannot be said that plaintiff has demonstrated that "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

More importantly, there is nothing in that letter which would lead one to conclude that the change in diagnosis, whenever it occurred, significantly lessened the plaintiff's capacity to work at the level as found by the ALJ. In order to satisfy the new and material standard the plaintiff must demonstrate that there is a reasonable probability that the Commissioner would have reached a different conclusion on her claims if the ALJ had been presented with the evidence in question.

---

[2]While this voluminous record contains a minimal number of original treatment notes from Portage Path Behavioral Health none accompanied the letter report.

<u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 711 (6th Cir. 1988), and that showing has not been made.

It is recommended that final judgment be entered in defendant's favor.


                                                s/DAVID S. PERELMAN
                                                United States Magistrate Judge


DATE:   June 5, 2009



**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).